FILED
NOV 0 8 2010
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| HARLAN GARCIA, | ) | CIV. 10-5033-RHB |
| | ) | CR. 06-50079-RHB |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Harlan Garcia petitions the Court to grant him relief by issuing a writ of habeas corpus. Garcia alleges that he received ineffective assistance of counsel during the pretrial stage of the criminal proceedings (CR. 06-50079).

On October 18, 2006, Garcia was charged, along with a co-defendant, in a four-count indictment. Count I of the indictment charged Garcia and his co-defendant with conspiracy to distribute methamphetamine. Counts II and IV of the indictment charge Garcia alone with distribution of methamphetamine occurring on different dates and places. Garcia was represented by counsel at all times during the criminal proceedings.

In the course of pretrial proceedings, the government offered Garcia a plea agreement. The terms of the plea agreement involved Garcia pleading to Count IV of the indictment which had a mandatory minimum sentence of 5 years incarceration and a

maximum sentence of 40 years incarceration. In exchange, the government agreed to recommend a three-level reduction for acceptance of responsibility and a further reduction of three levels for Garcia's minimal role in the offense. In calculating the potential sentence Garcia would face, his trial counsel believed Garcia would be placed in a criminal history category of IV or V. See Affidavit of Harlan Garcia, ¶ 6. As a result, trial counsel estimated that, at an offense level of 24, Garcia would face a maximum sentence of 96 months or 115 months, depending on the criminal history category in which he would finally be placed. See id. Trial counsel further opined that Garcia would face a sentence of "not much more than" ten years if he went to trial. Affidavit of Jody Speck, ¶ 14. Garcia rejected the plea agreement and chose to proceed to trial.

At trial, Garcia took the stand. He candidly admitted to having dealt methamphetamine in Colorado beginning in 2001. He testified, however, that he ceased distributing in 2003, and was concerned that his girlfriend, and later wife, had begun to distribute methamphetamine. He further testified that he never distributed or conspired to distribute methamphetamine in South Dakota.

At the end of the evidence, the government moved to dismiss Count II. The motion to dismiss was granted and the jury proceeded to deliberate as to Counts I and IV. On February 14, 2008, the jury found Garcia guilty of both the remaining charges.

A sentencing hearing was held on May 14, 2008. The Court found that the total offense level was 31, after a reduction for Garcia's mitigating role in the offense and his enhancement for obstruction of justice based upon his perjury at trial. See Sentencing

Transcript. P. 5, lns 3-6. The Court further determined that Garcia should be placed in criminal history category III. See id. at p. 4, lns 13-15. This resulted in a Guideline rage of 135 to 168 months incarceration. See id. at p. 5, lns 7-8. The Court sentenced Garcia to serve 135 months incarceration.

Garcia now contends that had his trial counsel correctly advised him that he would be placed in a criminal history category III, he would have taken the plea agreement offered by the government. In the alternative, Garcia contends that had trial counsel advised him that he could make an "open" plea to the charges that he would have exercised that option rather than proceed to trial. For these reasons Garcia argues that his application for writ of habeas corpus should be granted.

## DISCUSSION

As stated previously, Garcia contends that he received ineffective assistance of counsel during the pretrial stage of the underlying criminal proceedings. "To obtain relief for ineffective assistance of trial counsel under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner must show that 'counsel's representation fell below an objective standard of reasonableness' and that this 'deficient performance prejudiced the defense.'" Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) (quoting Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2042, 80 L. Ed. 2d 674 (1984)). The Court, however, need not address both prongs of the test if the petitioner "makes an insufficient showing on one component." Kingsberry, 202 F.3d at 1032.

## A. Criminal History Calculation

Garcia first alleges that his trial counsel was ineffective during the plea process when he failed to correctly advise Garcia as to the potential sentence he would face under the government's proposed plea offer. Counsel, in calculating Garcia's potential sentence under the proposed plea agreement, believed that Garcia would be placed in a criminal history category of either IV or V. See Affidavit of Jody Speck, ¶ 13. In fact, when the presentence investigation report was prepared, Garcia was determined to be in a criminal history category of III. Garcia contends that this mistake by trial counsel led him to believe that he was facing 96 to 115 months incarceration as opposed to 78 months if he would have accepted the plea. Furthermore, Garcia contends that his counsel told him that he would face nearly the same sentence if he went to trial and was convicted. See Affidavit of Harlan Garcia, ¶ 14. Garcia asserts that had he been correctly advised of his potential Guideline range, he would have accepted the plea agreement and not proceeded to trial.

In support of this allegation of ineffective assistance of counsel, Garcia submits an affidavit executed by himself and an affidavit executed by his trial counsel. Trial counsel's affidavit indicates that he attempted to negotiate a plea agreement with the government as per Garcia's instructions. See Affidavit of Jody Speck, ¶¶ 3-4, 8-11. Trial counsel contends that he mistakenly advised his client that under the plea agreement offered by the government Garcia would serve eight to ten years incarceration. See id. at ¶ 13. Trial counsel further states that he advised his client that he "thought he had a good chance of

winning" at trial and if he was convicted Garcia would face a sentence of "not much more than" ten years incarceration. See id. at ¶ 14.

For the purposes of this opinion, the Court will assume that this mistake by counsel amounts to a deficient performance and will examine whether Garcia can prove prejudice. The Eighth Circuit has held that "prejudice is possible, notwithstanding a subsequent fair trial, where counsel failed to provide accurate advice regarding a plea agreement offer. Kingsberry, 202 F.3d at 1032. "To establish prejudice under such circumstances, the petitioner must show that he would have accepted the plea but for counsel's advice, and that had he done so he would have received a lesser sentence." Wanatee v. Ault, 259 F.3d 700, 703-704 (8th Cir. 2001) (citing Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)). However, the Eighth Circuit has held that "[a] defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." Sanders v. United States, 341 F.3d 720, 723 (8th Cir. 2003).

Here, Garcia was charged with, and convicted of, conspiracy to distribute methamphetamine in the District of South Dakota between 2004 and his date of indictment which was October 18, 2006. Garcia was also charged with, and convicted of, one count of distribution of methamphetamine in the District of South Dakota which was alleged to have occurred during June and July of 2005. While admitting that he distributed methamphetamine in the District of Colorado from late 2001 until 2003, Garcia denied that

he distributed methamphetamine after 2003 and even more adamantly denied that he had ever distributed methamphetamine in the District of South Dakota. Garcia testified as follows:

> Trial Counsel: You have never brought methamphetamine into South Dakota?
> Garcia: *Never ever.*

Trial Transcript, p. 182, lns 6-8 (emphasis added). Later, he testified that "I was amazed at how much meth was being distributed. I had no clue. None." Trial Transcript, p. 184, lns 7-8. At sentencing, Garcia further maintained his innocence with regard to the distribution of methamphetamine in South Dakota when he stated, "[i]f I was guilty of some minor minimal things that I done, I am wrong for that. But I am not guilty of bringing drugs to South Dakota. I am not guilty of that." Sentencing Transcript, p. 23, lns 2-4. Thus, based upon Garcia's denial at every stage of the criminal proceedings that he ever distributed, or conspired to distribute, methamphetamine in the District of South Dakota, the Court finds that he cannot prove that he would have pleaded guilty but for his trial counsel's erroneous advice. Garcia, therefore, cannot show that he was prejudiced by his trial counsel's allegedly deficient performance. As a result, the Court finds that Garcia cannot meet his burden of proof on this claim to show that he is entitled to a writ of habeas corpus.

### B. Open Guilty Plea

Garcia also contends that he received ineffective assistance of counsel when his trial counsel failed to inform him of the option to enter into an open guilty plea or a petition to

plead guilty. The Court notes that trial counsel stated at the sentencing hearing that this option was considered. See Sentencing Transcript, p. 15, ln 22 - p. 16, ln 4. The Court, however, will assume for purposes of this discussion that counsel's performance was deficient. Thus once again, to prove his claim, Garcia must show that his counsel's performance was so deficient as to be unreasonable and that he was prejudiced by this deficient performance in that he would have pleaded but for his counsel's erroneous advice. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2042, 80 L. Ed. 2d 674 (1984); Wanatee v. Ault, 259 F.3d 700, 703-704 (8th Cir. 2001). For the reasons previously discussed, the Court finds that Garcia cannot prove that he would have pleaded but for his counsel's erroneous advice as he has maintained his innocence of distributing narcotics in South Dakota through all stages of the criminal proceedings. As a result, the Court finds that Garcia is not entitled to relief based upon this claim.

C. **Report and Recommendation**

This Court referred the matter to the magistrate judge for the purposes of appointing counsel, ordering submissions to this Court, and conducting any necessary hearings. On October 6, 2010, the magistrate judge issued a report and recommendation in which she recommended that an evidentiary hearing be held. In fashioning the recommendation, the magistrate judge specifically found that Garcia "did not assert that he was actually innocent." The magistrate judge further reasoned that Garcia had set forth sufficient support for his allegations to warrant an evidentiary hearing.

The Eighth Circuit has held, "[a]n evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief." Kingsberry, 202 F.3d at 1032. As this Court has found that Garcia's testimony at both the trial and the sentencing hearing amount to an avid profession of innocence as to the offense of distributing methamphetamine in South Dakota, the Court further finds that the records of this case "establish conclusively that [Garcia] is not entitled to relief" and the report and recommendation of the magistrate judge will not be adopted. Id. Accordingly, it is hereby

ORDERED that the petition for writ of habeas corpus (Docket #1) is denied.

IT IS FURTHER ORDERED that the report and recommendation of the magistrate judge (Docket #13) is not adopted.

Dated this 8th day of November, 2010.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE